# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MICHAEL N. OHNSTAD,
Appellant,

v.

DEPARTMENT OF THE NAVY,
Agency.

DOCKET NUMBER
SF-315H-15-0101-I-1

DATE: July 24, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michael N. Ohnstad, Barstow, California, pro se.

Loren L. Baker, Esquire, Barstow, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant was terminated from his Maintenance Worker position during his probationary period, effective October 14, 2014. *See* Initial Appeal File (IAF), Tab 7 at 5, Tab 9, Subtab 4a. The appellant filed a Board appeal and requested a hearing. IAF, Tab 1, Tab 4 at 2. During the pendency of the appeal, it appeared that the appellant was also alleging reprisal for whistleblowing activity, a violation of his veterans' preference rights pursuant to the Veterans Employment Opportunities Act of 1998 (VEOA), and a violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA). *See, e.g.*, IAF, Tabs 1, 4-5, 11. In response to the administrative judge's jurisdictional orders, the appellant submitted correspondence that he received from the Office of Special Counsel (OSC), and he clarified that he was not claiming a violation of VEOA or USERRA. *See* IAF, Tab 17 at 65-68.

¶3 The administrative judge issued an initial decision, which dismissed the appeal for lack of jurisdiction without holding the appellant's requested hearing. IAF, Tab 19, Initial Decision (ID). In pertinent part, the administrative judge

found that: (1) the Board lacks jurisdiction over the appeal under chapter 75 because the appellant was not an employee pursuant to 5 U.S.C. § 7511(a)(1)(A)(i) or (ii), and he failed to nonfrivolously allege that his termination during his probationary period was based on partisan political reasons or marital status; (2) the Board also lacks jurisdiction over the appeal as an individual right of action (IRA) appeal because the appellant has not proven by preponderant evidence that he exhausted his administrative remedies with OSC; (3) the appellant withdrew his USERRA and VEOA claims; and (4) the Board lacks jurisdiction over the appellant's remaining contentions, including that the agency committed harmful procedural error, and that he was subjected to discrimination, prohibited personnel practices, and violations of law. ID at 4-10. The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 2. The agency did not file a response.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4      The appellant appears to argue on review that the administrative judge erred in his conclusion on the administrative exhaustion issue, he alleges fraud, waste, and abuse by agency management, and he includes a copy of OSC's December 30, 2014 correspondence. PFR File, Tab 2 at 2-3.[2] The appellant also appears to contend that the administrative judge erred by not issuing subpoenas on his behalf. PFR File, Tab 2. For the following reasons, the appellant's petition for review does not warrant a different outcome.

The administrative judge correctly found that the Board lacks jurisdiction over this case as an IRA appeal.

¶5      The Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations that: (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8),

---

[2] OSC's December 30, 2014 letter is not new evidence because it was already in the record below. *See Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980); *see also* IAF, Tab 17 at 68; ID at 7-8.

or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

¶6        Under 5 U.S.C. § 1214(a)(3), an employee is required to seek corrective action from OSC before seeking corrective action from the Board, and the Board's jurisdiction is limited to the issues raised before OSC.  *Briley v. National Archives and Records Administration*, 236 F.3d 1373, 1377 (Fed. Cir. 2001). The appellant bears the burden of showing that he sought corrective action from OSC and that he exhausted his administrative remedies there.  *Id.*  To meet his burden to show administrative exhaustion, the appellant must provide OSC a sufficient basis to pursue an investigation which might have led to corrective action.  *Id.*  In other words, the appellant must articulate with reasonable clarity and precision before OSC the basis for his complaint of reprisal for whistleblowing activity.  *Id.*; *Coufal v. Department of Justice*, 98 M.S.P.R. 31, ¶ 14 (2004).  An appellant may demonstrate exhaustion through his initial OSC complaint, evidence that he amended the original complaint, including but not limited to OSC's determination letter and other letters from OSC referencing any amended allegations, and the appellant's written responses to OSC referencing the amended allegations.  *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011).

¶7        As discussed by the administrative judge in the initial decision, the record contains an October 16, 2014 letter to the appellant from the OSC Disclosure Unit, the appellant's November 17, 2014 letter to OSC, and a December 30, 2014 letter to the appellant from the OSC Complaints Examining Unit.  IAF, Tab 5,

Exhibit E, Tab 17 at 67-68; *see* ID at 7-8.[3]  Based on the limited evidence in the record, we are not persuaded that the appellant met his burden to show that he exhausted his administrative remedies with OSC.  Importantly, the appellant has not proven that he provided OSC with sufficient factual information, such as his protected disclosures, the date he made these alleged disclosures, and/or why he believed that his disclosures were a contributing factor in the termination decision, so that OSC could investigate a claim of reprisal for whistleblowing activity.  Additionally, it does not appear that OSC construed the appellant's submissions as making a claim of reprisal for whistleblowing activity because neither letter referenced the relevant statutory provisions or provided him with Board appeal rights for an IRA appeal.  *See* IAF, Tab 17 at 67-68.

¶8      Under these circumstances, we discern no error with the administrative judge's conclusion that the appellant failed to establish that he raised before OSC any purportedly protected disclosures of information for which the agency retaliated against him by terminating his employment.  *See* ID at 8 (citing *Mason*, 116 M.S.P.R. 135, ¶ 8).[4]  Because the appellant did not exhaust his administrative remedies with OSC, we need not address the remaining jurisdictional requirements for his IRA appeal.  *See Miller v. Federal Deposit Insurance Corporation*, 122 M.S.P.R. 3, ¶ 10 (2014) (exhaustion of

---

[3] It does not appear that the appellant included in the record below his initial OSC complaint, OSC's preliminary determination letter, or his response to OSC's preliminary determination letter.  *See* IAF, Tab 17 at 68.

[4] Although not raised by the appellant, we considered whether his initial correspondence to OSC, as described in OSC's October 16, 2014 letter, or his complaints to the Marine Corps Logistics Base Barstow Command Inspector General or the Inspector General of the Marine Corps could constitute protected disclosures pursuant to 5 U.S.C. § 2302(b)(8)(B)(i) or (ii).  *See, e.g.*, IAF, Tab 17 at 67, 74-76, 81-83.  Because it appears that the appellant did not initiate contact with any of these entities until after his termination, any purported disclosures therein could not have been a contributing factor in the agency's decision to terminate him.  *See Kukoyi v. Department of Veterans Affairs*, 111 M.S.P.R. 404, ¶ 11 (2009), *overruled on other grounds by Mason*, 116 M.S.P.R. 135, ¶ 26 n.7.

administrative remedies before OSC is a jurisdictional prerequisite to raising an IRA appeal before the Board); *see also supra* ¶ 5.

The administrative judge correctly determined that the Board lacks jurisdiction over this matter as an appeal under chapter 75, and that the appellant withdrew his VEOA and USERRA claims.

¶9      The appellant does not challenge the administrative judge's finding that the Board lacks jurisdiction over his appeal under chapter 75, and we discern no basis for disturbing this well-reasoned finding on review. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions). Furthermore, he does not contest the administrative judge's findings that he withdrew his USERRA and VEOA claims, and he fails to otherwise raise a basis under which the Board could have jurisdiction over his appeal.

¶10     Finally, because the administrative judge properly dismissed the appeal for lack of jurisdiction, there was no need for him to issue subpoenas on the appellant's behalf. *See Nortz v. Department of Veterans Affairs*, 47 M.S.P.R. 526, 531-33 (1991) (where the Board did not have jurisdiction over the appeal, the administrative judge did not err in denying the appellant's request for discovery and for the issuance of subpoenas).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline

and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website

at    http://www.mspb.gov/probono for    information    regarding    pro    bono representation for Merit Systems Protection Board appellants before the Federal Circuit.   The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.



FOR THE BOARD:                        _____
                                                         William D. Spencer
                                                         Clerk of the Board

Washington, D.C.